IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 09-00349-01-CR-W-DW |
| RANDY WILSON, | ) | |
| | ) | |
| Defendant. | ) | |

# REPORT AND RECOMMENDATION

On June 18, 2010, counsel for defendant Randy Wilson filed a motion pursuant to 18 U.S.C. § 4241 for a determination of the mental competency of the defendant to stand trial based on his hearing loss. In support of the motion, defendant provided an opinion from Dr. Gregory A. Ator with the Department of Otology at the University of Kansas Department of Otolaryngology, Head and Neck Surgery. Dr. Ator opined that the defendant is profoundly deaf on his left side and has a very severe sensorineural hearing loss on his right side. As a result, it is the medical opinion of Dr. Ator that the defendant is not able to consistently keep up with conversation and thereby understand or fully participate in courtroom proceedings.

The defendant's motion for an evaluation was granted and, prior to holding a hearing to determine the mental competency of the defendant, the Court entered its Order, pursuant to 18 U.S.C. § 4241(b), directing that an examination of the defendant be conducted to determine the impact of his hearing disability and that a report be filed with the Court pursuant to 18 U.S.C. §§ 4247(b) and (c).

The Court has now received the report of Dr. Steve E. Press and the report of Dr. Kelly Spiller, the defendant's treating doctor. These reports have been provided to and reviewed by

counsel for the government and counsel for defendant Wilson. On October 14, 2010, a hearing was held pursuant to 18 U.S.C. § 4247(d) for the purpose of determining the mental competency of defendant Wilson to stand trial in light of his hearing loss. At this hearing, counsel for the government and counsel for defendant Wilson stipulated that the Court could consider the reports of Drs. Ator, Press and Spiller as the testimony each would give as if they had appeared in person and testified under oath. No additional evidence was offered by the government or by defendant Wilson.

Each of the doctors who have examined defendant Wilson conclude that he has profound hearing loss in his left ear and severe hearing loss in his right ear. Dr. Ator and Dr. Perry differ on whether that will allow him to adequately understand proceedings at trial. Dr. Ator believes it will unduly impair his ability to understand proceedings in the courtroom. Dr. Perry believes that "a perfectly fitted hearing aid on the right ear would be extremely advantageous, and his communication ability would definitely be improved significantly." Dr. Perry acknowledges there is no current way to quantify the extent of defendant Wilson's hearing disability.

Dr. Perry's conclusion seems relatively consistent with that of Dr. Spiller in many respects. Dr. Spiller concludes that defendant Wilson suffers from bilateral Meniere's disease, for which she has been treating him for a little over a year. This treatment has included hearing aid repairs, hearing aid re-programing and professional audiology counseling. Dr. Spiller explains that defendant's condition varies greatly in symptomology, duration and frequency of episodes. She opines that "[i]n the early stages of the disease, examination between episodes can be completely normal. As the disease progresses, decreased hearing, and reduced vestibular sensitivity are typically noted in the affected ear." Dr. Spiller goes on to note that while

defendant Wilson wears a hearing aid in his right ear, he will have troublesome occurrences where the amplification provided by the hearing aid is not enough. However, that will not always be the case and the timing and duration of these occurrences is unknown.

While it is clear that defendant Wilson has significant hearing difficulties, based on the opinions of Drs. Press and Spiller, the undersigned concludes that defendant Wilson's hearing ability in his right ear is sufficient, with the use of a hearing aid and amplification technology, to allow him to understand the nature and consequences of the proceedings and properly assist in his defense. For this reason, it is

RECOMMENDED that the District Court, after conducting its own independent review of the record, find that defendant Randy Wilson is competent to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

Counsel are reminded that each has 14 days from the date of receipt of a copy of this Report and Recommendation to file and serve specific objections to the same. A failure to file and serve timely objections shall bar attack on appeal of the factual findings in this Report which are accepted or adopted by the District Judge except upon the ground of plain error or manifest injustice.

                                                               */s/ JOHN T. MAUGHMER*
                                                                      John T. Maughmer
                                                   United States Magistrate Judge