# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 09-00349-01-CR-W-DW |
| ) | |
| RANDY WILSON, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is the question of the competence of defendant Randy Wilson to stand trial and the status of the pending indictment. The government does not oppose a finding that defendant Wilson is presently incompetent to proceed to trial. The more difficult question is whether, in light of this conclusion, the charges against defendant Wilson should remain pending or the case should be dismissed. The defendant argues that his condition is not expected to improve with any degree of predictability and thus, due process requires dismissal of the charges. The government argues that dismissal of the indictment is a matter of prosecutorial discretion and that the charges should remain pending until a status conference can be held in four to six months to determine if defendant Wilson has regained competence.

## PROCEDURAL HISTORY

The procedural history of this case is complicated, to say the least. The grand jury indicted defendant Wilson on November 17, 2009. Wilson made his first appearance before this Court on November 18, 2009, at which point he was placed on pre-trial release, and his case initially set on the January 11, 2010, trial docket. Based on the defendant's motion, the trial was continued to the docket beginning April 26, 2010.

On April 7, 2010, Wilson moved for a second continuance, claiming an inability to hear and communicate with his attorneys. In that continuance, he said he had been seen by medical doctors and that reports of his condition were being formulated and would be given to Government counsel when available. The Court granted the continuance request, setting the case for trial on the docket beginning June 7, 2010.

On May 13, 2010, Wilson filed a motion requesting a third continuance of the trial setting, citing the same concerns that he was having trouble hearing and communicating with counsel. In response to defendant Wilson's motion, the Court set a status conference, at which point defendant announced that he would change his plea to guilty. That change of plea hearing was set for June 11, 2010. The day before the hearing, June 10, 2010, defense counsel cancelled the hearing for the first time claiming defendant may not be competent to proceed.

On June 18, 2010, defendant moved for his first competency evaluation, claiming he was mentally incompetent to proceed because of hearing loss. On July 2, 2010, this Court held a hearing on the issue of whether Wilson's hearing loss rendered him incompetent to proceed. At this Court's request, the United States arranged for a hearing test for Wilson. On July 15, 2010, Wilson filed his fourth motion for continuance and the case was set for trial to begin on

February 14, 2011. At that point, the Court ordered that no further continuances would be granted.

In November 2010, this Court issued a Report and Recommendation finding that while Wilson did have hearing loss, he would be able to assist in his defense and was therefore competent to proceed. Trial was next set for February 14, 2011. On February 8, 2011, defendant filed a fifth motion for continuance. On February 22, 2011, this Court granted the defendant's fifth motion for continuance, setting the case on the trial docket beginning April 25, 2011.

On February 7, 2011, defendant Wilson filed his second motion for a hearing to determine his competence to proceed, for an outpatient competency examination and/or for a continuance to allow his medication to stabilize his condition. The Government also requested an evaluation of the competence of defendant Wilson to proceed to trial. Accordingly, another competency examination of defendant Wilson was ordered.

Pursuant to this Court's order, Tammy Sheehan, a licensed psychologist, issued a report on April 7, 2011, finding that defendant suffered from a mental disease or defect rendering him incompetent to stand trial, to wit: depressive disorder and delusional disorder. This Court then issued a Report and Recommendation that defendant be committed to the custody of the Attorney General for hospitalization and treatment in a suitable facility to determine whether there was a substantial probability defendant would attain the capacity to permit the trial to proceed, pursuant to 18 U.S.C. § 4241(d). The district court adopted the Report and Recommendation, and on May 12, 2011, issued an order committing defendant to the custody of the Attorney General for assessment to determine defendant's competency.

The defendant was permitted to self-report to the Bureau of Prisons ("BOP") at Butner, North Carolina, on May 26, 2011. The forensic evaluation ultimately found that "Mr. Wilson has

demonstrated the ability to discuss his legal case in a reality-based fashion. He has a basic understanding of criminal courtroom procedures. He has demonstrated the capacity to work in a collaborative manner with defense counsel." In short, the examiners found no mental disease or defect preventing defendant from competence to stand trial. Further, the examiners found that defendant's hearing impairment did not preclude him from participating in trial as long as the Court could provide accommodation such as real-time transcription. However, the examiners did find that defendant's Meniere's disease and autoimmune inner ear disease presented "significant barriers to him being able to consistently participate in a trial process." The examiners opined that defendant could suffer vertigo, which could last for minutes or hours, at which point he "would be unable to fully participate in his own defense." The examiners were unable to determine whether the Meniere's disease could be treated or not, and specifically recommended that "[t]he court may wish to review additional information from local medical professionals with experience treating Meniere's disease and autoimmune inner ear disease to determine whether such treatment would offer a "substantial probability" of restoring Mr. Wilson to competency status."

     The Government then moved for another competency exam to be conducted to obtain the local medical opinion as suggested by the Bureau of Prisons. Dr. John Wisner, a psychiatrist with Kansas University Medical Center, conducted an exam of defendant. He issued a report in March 2012 stating his opinion that defendant did not suffer from a mental disease or defect, but that he does have a "severe and persistent disturbance of the vestibular apparatus which renders him physically incapable of sustained attention, unable to tolerate public spaces (such as court rooms) and unable to reliably interpret information in written or graphic form. He also can be expected for the foreseeable future to be subject to sudden and catastrophic loss of positional

stability and literally subject to 'losing his bearings.'" Dr. Wisner also stated that, while he must defer to those specifically trained and experienced in ENT and otology, the long-term outcome of improvement of the disorder is not to be expected with any degree of predictability. It is the report of Dr. Wisner that is presently before the Court and the basis on which the government does not oppose a finding that defendant Wilson is presently incompetent to stand trial.

## CURRENT POSTURE

While the government does not oppose a present finding of incompetence to stand trial, it is not prepared to concede that defendant Wilson will never regain competence and believes that the case should remain pending to determine if competence is restored. The government also beleives that a status conference should be held in four to six months to determine whether there has been any improvement in the condition of defendant Wilson. Since defendant Wilson is on bond under minimal conditions of pretrial supervision, the government argues that the continued pendency of the case will not prejudice the defendant. To the contrary, defendant Wilson argues that Dr. Wisner has concluded that the defendant's improvement cannot be expected with any degree of predictability and therefore the prosecution should be dismissed, presumably without prejudice. Neither party argues that defendant Wilson poses a substantial risk of bodily injury to another person or serious damage to the property of another as contemplated by 18 U.S.C. §4246. Accordingly, there is no basis to order the commitment of defendant Wilson to the custody of the Attorney General or his remand to the custody of the United States Marshal without bond.

Title 18 U.S.C. § 4241 does not require, and, in fact, does not even address, whether an indictment should be dismissed after a finding of incompetence to stand trial and a conclusion that the defendant will not regain competence in the foreseeable future. Accordingly, at this

5

point, the decision of whether the prosecution should or should not be dismissed is left to the sound discretion of the United States Attorney. *United States v. Ecker, 78 F.3d 726, 728 (1st Cir. 1996); United States v. West, 2007 WL 1851305 (D. Colo. 2007); United States v. Peppi, 2007 WL 674746 (D. N.J. 2007).* While the continued pendency of this prosecution may, at some point, raise the question of whether the due process rights of defendant Wilson have been violated, that point has not yet been reached. This is particularly true where defendant Wilson is not in custody or committed and is subject to only minimal conditions of pretrial release.

For these reasons, it is

RECOMMENDED that the District Court, after conducting its own independent review of the record, find pursuant to 18 U.S.C. § 4241, that defendant Randy Wilson is presently not competent to assist properly in his defense. It is further

RECOMMENDED that at this time the District Court not order that the prosecution of defendant Randy Wilson be dismissed, but rather that a status conference be set in six months before the United States Magistrate Judge to determine whether defendant Randy Wilson has regained competence and, if not, make a Recommendation concerning the status of the case.

Counsel are reminded that each has 14 days from the date of this Report and Recommendation to file and serve objections to the same. A failure to file and serve timely objections shall bar attack of the factual findings in this Report which are accepted or adopted by the District Judge except upon the ground of plain error or manifest injustice.

                                                 ***/s/ JOHN T. MAUGHMER***
                                                         John T. Maughmer
                                          United States Magistrate Judge